23SL-CC05339

Electronically Filed - ST LOUIS COUNTY - December 14, 2023 - 04:22 PM

**IN THE 21ST JUDICIAL CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| AUNDREA HARRISON, | ) | |
| Plaintiff, | ) | |
| | ) | Cause No.: |
| v. | ) | |
| | ) | Division: |
| SCHNUCKS OVERLAND, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Serve: 9074 Overland Plaza<br>Overland, MO 63114 | ) | |
| | ) | |
| Defendant. | ) | |

**FIRST AMENDED PETITION**

COMES NOW, Plaintiff Aundrea Harrison (hereinafter "Plaintiff"), by and through her counsel, Jack McCormack of Morgan & Morgan, P.A., and for her causes of action against Defendant Schnucks Overland (hereinafter "Defendant") states to the Court as follows:

**PARTIES**

1. At all times relevant hereto, Plaintiff was a citizen and resident of the State of Tennessee.

2. Defendant is Schnucks Overland, which owns and operates a grocery store in St. Louis, Missouri.

**VENUE AND PERSONAL JURISDICTION**

3. Venue is proper in the Circuit Court of St. Louis County pursuant to RSMo § 508.010 because Plaintiff was first injured in St. Louis County.

4. Jurisdiction is proper over the Defendant in the State of Missouri pursuant to RSMo § 506.500 because Defendant committed tortious acts within the State of Missouri and transacted business within the State of Missouri.

**FACTUAL ALLEGATIONS**

5. At all times herein relevant, Defendant owns and operates Schnucks Overland, located at 9074 Overland Plaza, Overland, MO 63114, and was solely responsible for maintenance of the same (hereinafter "Premises").

6. On or about July 22, 2022, Plaintiff was an invitee of Defendant and suffered severe and life changing injuries because she was pinned by a malfunctioning automatic door, which presented a dangerous, hazardous, and/or defective condition on the Premises. As a result, the Premises created a dangerous, hazardous condition, and/or defective condition.

7. The malfunctioning automatic door at the Premises created a dangerous, hazardous condition, and/or defective condition that existed on the Premises, constituting an unreasonable risk of harm.

8. The malfunctioning automatic door at the Premises, which created a dangerous, hazardous condition, and/or defective condition, existed on the Premises for a sufficient time to alert the aforenamed Defendant of its existence.

9. At all times relevant herein, Plaintiff was in the exercise of ordinary care and caution for her own safety.

**COUNT I – NEGLIGENCE**

10. Plaintiff realleges and reincorporates all preceding paragraphs as if fully set forth herein.

Electronically Filed - ST LOUIS COUNTY - December 14, 2023 - 04:22 PM

11. The malfunctioning automatic door at the Premises created a dangerous, hazardous condition, and/or defective condition.

12. That at all times herein relevant, Defendant, by and through the respective agents, employees, and/or representatives, were responsible for the Premises.

13. That the aforesaid Defendant, owed a duty to all members of the public, including Plaintiff, to provide safe access to the Premises and keep immediate areas surrounding the same in a reasonably safe condition and free of hazards to protect the public from harm.

14. That the aforementioned occurrence and injuries to Plaintiff were the direct and proximate result of the negligence and carelessness of Defendant, and the respective agents, employees, and/or representatives to wit:

a. Defendant failed to safely maintain the malfunctioning automatic door at the Premises;

b. Defendant failed to remove, remedy, or repair the malfunctioning automatic door at the Premises;

c. Defendant failed to warn members of the public, including Plaintiff, of the danger the malfunctioning automatic door at the Premises presented;

d. Defendant failed to barricade or otherwise prevent the public, including Plaintiff, from the dangerous, hazardous condition, and/or defective malfunctioning automatic door at the Premises.

e. Defendant failed to inspect the area for potential hazards so as to remedy the same.

15. That the dangerous, hazardous condition, and/or defective malfunctioning automatic door at the Premises existed for a sufficient length of time so that Defendant knew, or

Electronically Filed - ST LOUIS COUNTY - December 14, 2023 - 04:22 PM

through the exercise of reasonable care should have known, of the existence of the same in time to have remedied, barricaded, or at a minimum warned of said condition before Plaintiff's injuries described herein.

16. That each of the aforementioned acts and omissions of Defendant were negligent, and constituted negligence.

17. As a direct and proximate result of the negligence and carelessness of Defendant, and the respective agents, employees, and/or representatives, Plaintiff was caused to sustain progressive, painful, and traumatic injuries.

18. As a result of the injuries sustained by Plaintiff due to the negligent acts and omissions of Defendant, Plaintiff has been and will in the future be required to seek medical care and treatment for the same; and has suffered, and will continue to suffer, pain, anguish, trauma, and discomfort related thereto.

WHEREFORE, Plaintiff prays for damages against Defendant, in a fair and reasonable amount in excess of $25,000.00, for her costs incurred in bringing suit, and for such other and further relief as the Court deems just under the circumstances.

Respectfully submitted,

MORGAN & MORGAN, P.A.

BY: */s/Jack A. McCormack*
Jack A. McCormack #73140
200 N. Broadway, Ste. 720
St. Louis, MO 63102
(314) 655-9494
(314) 655-9705 – Fax
Email: jmccormack@forthepeople.com

**ATTORNEY FOR PLAINTIFF**